# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> CASEY DEAN COPE, ) <br> ) <br> Defendant. ) | Case No. CR-19-00147-PRW |

## **PRELIMINARY ORDER OF FORFEITURE**

The Court has reviewed the United States' Motion for a Preliminary Order of Forfeiture (Dkt. 26). The Court finds:

As a result of Defendant's guilty plea to the One-Count Superseding Information (Dkt. 17) filed July 29, 2019, for which the United States sought forfeiture, Defendant Casey Dean Cope shall forfeit to the United States any and all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

1) Hi-Point 9mm handgun with an obliterated serial number;

2) Glenfield, model 75, semi-automatic .22 caliber rifle, bearing serial number 70225891;

3) A Harrington and Richardson, 12-gauge single shot shotgun, bearing serial number AU514178;

4) A Mossberg, 100 ATR, .270 caliber bolt action rifle, bearing serial number BA021972; and

5) Any and all magazines and ammunition not otherwise specified.

1

The Court has determined, based on Defendant's plea, that the above specific property (hereinafter the "Subject Property") is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and the offense.

Upon entry of this Order, the United States is authorized to seize the listed property in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

Pursuant to 28 U.S.C. § 2461(c), the United States is authorized upon entry of this Order to commence any applicable proceeding to comply with 21 U.S.C. § 853(n), governing third-party rights, including giving notice of this Order.

The United States shall publish on the United States' official Internet website, [www.forfeiture.gov](www.forfeiture.gov), in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a copy of this order and notice of the United States' intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, pursuant to 21 U.S.C. § 853(n)(1).

Within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, any person (other than the above-named Defendant) asserting a legal interest in the Subject Property may petition the Court for a hearing without a jury to

adjudicate the validity of his/her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2)–(6).

Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing—or before sentencing if the Defendant consents—and the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

Pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third-party asserting an interest in the Subject Property (a) shall be signed by the petitioner under penalty of perjury and (b) shall set forth (i) the nature and extent of the petitioner's right, title, or interest in the Subject Property; (ii) the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property; and (iii) any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests or, if none are asserted, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED this 9th day of September, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE